Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile:  954-524-2822

Attorney for Plaintiff
Keivan Sarraf, DDS, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KEIVAN SARRAF, DDS, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL CONSULTING SERVICES, INC. d/b/a PCS CONSULTANTS, INC. and RAMIRO CORDOVA,<br><br>Defendants. | **CLASS ACTION<br>JUNK-FAX COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION JUNK-FAX COMPLAINT**

Plaintiff Keivan Sarraf, DDS, Inc., individually and on behalf of all others similarly situated, brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Defendants Professional Consulting Services, Inc. d/b/a PCS Consultants, Inc., and Ramiro Cordova d/b/a PCS Consultants, Inc., for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

3. The Court has personal jurisdiction over Defendants because they conduct business in this state, and have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner.

## PARTIES

4. Plaintiff Keivan Sarraf, DDS, Inc., is a citizen of the State of California and has its principal place of business in Beverly Hills, California.

5. Defendant Professional Consulting Services, Inc., is a California corporation and has its principal office at 9375 Archibald Ave., Ste. 102, Rancho Cucamonga, CA 91730.

6. Defendant Ramiro Cordova is the president secretary, and chief financial officer of Professional Consulting Services, Inc., and resides at 4097 Hamilton Paseo, Ontario, CA 91761.

7. Although Professional Consulting Services, Inc., and Cordova do business under the name "PCS Consultants, Inc.," PCS Consultants, Inc., is not a real corporation.

8. "PCS Consultants, Inc.," had been a fictitious name registered by Professional Consulting Services, Inc., with the county clerk in San Bernardino County, California, on February 27, 2009, and assigned number 20090002543.

9. On information and belief, that fictitious name registration expired five years after registration under California Business and Professions Code § 17920.

10. Defendants, directly or through other persons acting on their behalf, conspired to, agreed to, contributed to, assisted with, or otherwise caused the wrongful acts and omissions, including the dissemination of the junk faxes that are the subject matter of this Complaint.

**THE FAX**

11. On or about January 21, 2019, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (714) 754-5452 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit A** (Fax).

12. Plaintiff received the two-page Fax through Plaintiff's facsimile machine.

13. The sender's facsimile and telephone number identified on page one of the Fax, (909) 563-8800, also appears on the website of PCS Consultants, Inc. https://pcs-consultants.com/contact/ (last visited Apr. 20, 2019).

14. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

15. Specifically, the Fax advertises OSHA compliance services, such as employee safety training, and includes a $100-off coupon giveaway.

16. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example

17. Upon information and belief, Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

18. Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

19. Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and other members of the "Class" as defined below.

20. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a proper notice on its first page informing the recipient of the ability and means to avoid future unsolicited advertisements and thereby contained numerous violations of the TCPA and 47 C.F.R. § 64.1200.

21. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

22. The Fax and, on information and belief, Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

4

23. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

24. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in California and throughout the United States without first obtaining the recipients' prior express invitation or permission.

25. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

26. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

27. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

28. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the

electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a domestic contact telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

30. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

31. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

  i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;
  ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

      iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

      iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

      v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

      vi.    Whether Defendants violated 47 U.S.C. § 227;

      vii.    Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

      viii.    Whether Defendants violated 47 C.F.R. § 64.1200;

      ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

      x.    Whether the Court should award statutory damages per TCPA violation per fax;

      xi.    Whether the Court should award treble damages per TCPA violation per fax; and

      xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated many such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.    <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member

in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

32. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

33. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

34. The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

35. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

36. Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

  a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

  b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

    c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

    d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

37. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

38. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

39. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

## **JURY DEMAND**

Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

    a.    certify this action as a class action and appoint Plaintiff as Class representative;

    b.    appoint the undersigned counsel as Class counsel;

9

|   |   |   |
|---|---|---|
| | c. | award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B); |
| | d. | award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3); |
| | e. | enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A); |
| | f. | award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration; |
| | g. | award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors; |
| | h. | award Plaintiff prejudgment interest and costs; and |
| | i. | grant Plaintiff all other relief deemed just and proper. |

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

DATED: May 9, 2019            EDWARDS POTTINGER LLC

By: */s/ Seth M. Lehrman*
Seth M. Lehrman
Attorney for Plaintiff
Keivan Sarraf, DDS, Inc.